**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THERESA R. VEASLEY,** | ) | **CASE NO. 1:11CV2385** |
| Plaintiff, | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | ) | |
| | ) | **MAGISTRATE JUDGE GREG WHITE** |
| **FAMILY DOLLAR,** | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 7), as well as Defendant's Motion for Leave to File *Instanter* its Answer (Doc. No. 9) and Defendant's Motion to Strike Plaintiff's Motion for an Entry of Default. (Doc. No. 10.)

On November 4, 2011, Plaintiff filed her Complaint. (Doc. No. 1.) Upon review of the docket, the Court notes that Plaintiff caused service to be made at two different addresses.[1] (Doc. No. 5 & 6.) Service was perfected on November 30, 2011 and December 1, 2011. *Id*. When no Answer was filed twenty-one days later, Plaintiff filed for default judgment. (Doc. No. 7.) On February 5, 2012, Defendant filed a motion to strike Plaintiff's motion for default. (Doc. No. 10.) The Defendant asserts that because the summonses were not routed to the Legal Department for processing, it did not learn of the lawsuit until Plaintiff requested default judgment. (Doc. No. 10 at 1-2.) Defendant then promptly filed a motion for leave to file its Answer *instanter*. (Doc. No. 9.) Plaintiff filed a "Reply to Defendant's Answer," opposing the motion to strike. (Doc. No 12.) For the following reasons, the Court hereby grants Defendant's motions.

Under Federal Civil Rule 55, default is a two-step process with entry of default as the

---

[1] Plaintiff served the complaint to Defendant at 1250 E. 105th Street, Cleveland, Ohio 44108, and at P.O. Box 1017, Charlotte, North Carolina 28201-1017. (Doc. Nos. 5 & 6.)

first procedural step, after defendants have been properly served, but failed to plead or otherwise defend. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2003); *Sheppard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *see also Home Savings & Loan Co. of Youngstown, Ohio v. Mackewitz*, 2010 WL 624665, *1, (Case No. 4:09cv1683) (N.D. Ohio Feb. 18, 2010). Fed. R. Civ. P. 55(a) permits a clerk to enter default against a party who has "failed to plead or otherwise defend." Default is entered by the clerk of the court **upon application** of a party who seeks to enforce the default provisions. 10 Moore's Federal Practice § 55.11[1] (3d ed. 2004); *see also Tarbell v. Jacobs*, 855 F.Supp. 101, 104 (N.D.N.Y. 1994). The Rule also requires that the default must be "by affidavit or otherwise" stating that "a party against whom a judgment for affirmative relief is sought[,] has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a).

While the entry of default is a procedural formality, it is nevertheless a prerequisite to the issuance of a default judgment. *United States v. DiMucci*, 879 F.2d 1488, 1490 (7th Cir. 1989); *Arango v. Guzman Travel Advisors*, 761 f.2d 1527, 1530 (11th Cir.), *cert. denied*, 474 U.S. 995 (1985). "When a party 'has failed to plead or otherwise defend ...' **entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)**." *Cikraji v. Vickers,* 2010 WL 554438, *13 (S.D. Ohio Feb. 16, 2010) (*quoting Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)) (emphasis added); *see Shepard Claims Service, Inc.*, 796 F.2d at 193 ("entry of default is just the first procedural step on the road to obtaining a default judgment ....")

After the clerk has entered a default, the second step provides that default judgment "may be entered" by either the Clerk or the Court, depending on the circumstances as outlined in Fed. R. Civ. P. 55(b). Even where a defendant is technically in default, the plaintiff is not entitled to a default judgment as a matter of right. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Such a determination is within the court's discretion. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995), *cert. denied*, 517 U.S. 1121 (1996).

Fed. R. Civ. P. 6(b)(1)(B) allows an extension of time to file where a party's failure to act was due to excusable neglect. The United States Supreme Court has recognized excusable neglect to be a somewhat elastic concept in which a court is "permitted, where appropriate, to

accept late filings caused by inadvertence, mistakes, or carelessness" even when an adequate excuse is not offered. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993). The Sixth Circuit has identified five factors that a court should consider in determining whether a party has shown sufficient excusable neglect to justify an extension of time under Rule 6(b):

> (1) whether prejudice would result to the non-moving party;
> (2) the length and impact of the delay on the judicial proceedings;
> (3) the reason for the delay;
> (4) whether the delay was in the control of the moving party; and
> (5) whether the moving party has acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Here, upon learning of the lawsuit, Defendant promptly filed for leave to file its Answer, *instanter*. Regarding whether Defendant has shown sufficient excusable neglect, the Court finds the equities weigh in Defendant's favor. Plaintiff will suffer no prejudice as the short delay has had little, if any impact on the judicial proceedings. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, 2008 U.S. Dist LEXIS 18839, at *3 (S.D. Ohio Feb. 25, 2008) (finding that a delay of two months in filing an answer would not prejudice the plaintiff and would have little impact on the ability of the Court and the parties to resolve the matter in a timely fashion). Moreover, Plaintiff is not prejudiced as any argument that "prejudice flows from the fact that [a plaintiff] will not receive default flies in the face of the policy of deciding cases on the merits." *Hess Corp. v. Precision Powder Coating, Inc.*, 2009 U.S. Dist. LEXIS 72613, at *3 (N.D. Ohio Aug. 6, 2009) (*citing Shepard Claims Serv. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (recognizing the strong preference for trials on the merits in federal courts)). On the other hand, Defendant will suffer greatly if it is not permitted to file its Answer.

Defendant's reason for the delay also supports sufficient excusable neglect. The summonses should have been served upon Family Dollar Stores of Ohio or its registered statutory agent. (DeBrocq Decl., ¶¶ 2, 4.) Instead, Plaintiff served the summonses to the store where she was employed and to a post office box used by Family Dollar Stores, Inc., parent corporation to Family Dollars Stores of Ohio. (Doc. Nos. 5 & 6.) In addition, neither summons was addressed to a person or department's attention. *Id.* As such, the documents were not

routed to the Legal Department for Family Dollar Stores of Ohio. (DeBrocq Decl., ¶¶ 1 & 5.) Finally, Defendant has demonstrated good faith in retaining counsel and immediately filing its answer. The Court finds that Defendant has shown sufficient excusable neglect and, therefore, grants Defendant's motion to file its Answer. (Doc. No. 9.) Upon receipt of this Order, the Court directs Defendant to file its Answer.

Regarding Plaintiff's motion for default, she is not in compliance with the two-step process of Rule 55. Default must first be entered to give notice to defendant, prior to filing a motion for default judgment. More importantly, upon the Court's allowing the Answer, the Defendant has "plead or otherwise defended its case." The Court, therefore, grants Defendant's Motion to Strike Plaintiff's Entry of Default. (Doc. No. 10.)

IT IS SO ORDERED.

s/ Greg White<br>United States Magistrate Judge

Dated:   February 27, 2012